## Case No. 17,346.

### WEED et al. v. MILLER.

### [1 McLean, 423.] [1]

Circuit Court, D. Indiana. May Term, 1839.

RECOVERY ON PROMISSORY NOTE—DIFFERENCE OF EXCHANGE—BILLS OF EXCHANGE.

The difference of exchange may be recovered on a bill of exchange. But this seems not to be the rule where the action is founded on a promissory note, and there is no count or allegation in the declaration to cover the rate of exchange.

[Cited in Howe v. Wade, Case No. 6,777; Reiser v. Parker, Id. 11,685.]

[This was an action by N. Weed & Co. against Asa Miller on a promissory note.]

White & Lockwood, for plaintiffs.

Mr. Cooper, for defendant.

McLEAN, Circuit Justice. This action is brought on a note given at New York, without stating where payable, and suit being brought in this state, the plaintiffs contend that they are entitled to recover, in addition to the amount specified in the note and interest, the difference in exchange between this state and New York. It is admitted that the rate of exchange is two per cent. The declaration does not allege that the note was payable in New York, nor is there any count on the rate of exchange. The note is dated at New York, and from this it is contended that it was payable there. There can be no question that the rate of exchange may be recov-

¹ [Reported by Hon. John McLean, Circuit Justice.]

ered on a bill of exchange payable at a particular place, where the declaration contains the necessary averment, but the instrument now under consideration is not a bill of exchange, and the declaration is in the common form.

In the case of Andrews v. Bond, 13 Pet. [38 U. S.] 65, the court held that, the indorsee of a bill of exchange payable in New York, properly included the rate of exchange in a second bill payable at Mobile, given in payment of the first bill, if the transaction was fair and not designed as a cover for usury. And in Story, Confl. Laws, p. 225, it is laid down as a general principle that where a debt payable at a particular place is paid elsewhere, the rate of exchange ought to be included, and is recoverable. But in such cases, the place of payment must not only appear upon the face of the instrument, but the declaration must contain the necessary averments.

In the case of Adams v. Cordis, where a foreign creditor sues for his debt, the court say, 8 Pick. 260, that in that state he will recover, in the case of a bill of exchange, at a par of exchange. And in Martin v. Franklin, 4 Johns. 125, "the plaintiffs were merchants in Liverpool, and it was admitted the debt was contracted in Great Britain, that the account between the parties is in sterling, and that the interest is calculated at five per cent., the legal rate of interest in Great Britain. In the declaration all the counts except the last, state the defendants as being indebted to the plaintiffs in the city of New York, and the last count lays the venue in New York, but does not mention any particular place at which the defendants were indebted. And the court held that the debt was to be paid according to the par and not the rate of exchange. It is recoverable, say they, and payable here to the plaintiffs or their agents, and the court are not to enquire into the disposition of the debt after it reaches the hand of the agent; he may remit the debt to his principal abroad, in bills of exchange, or he may invest it here on his behalf, or transmit it to some other part of the United States, or to other countries on the same account; we cannot trace the disposition which is to take place, subsequent to the recovery, nor award special damages upon such uncertain calculations. All that the plaintiffs can ask is their debt justly liquidated and paid in the lawful currency of the United States."

And in the case of Hendricks v. Franklin, 4 Johns. 122, the court remark: "In this case the question is what damages the plaintiff, who is indorser of a foreign bill of exchange, of which the defendant is the drawer, and which was returned protested for non acceptance and non payment, is entitled to recover; the plaintiff contending that he has a right to recover as well the principal and interest as also twenty per cent. damages, and an additional two per cent., as the difference of exchange. The payment of this two per cent. the defendant resists." "The right to recover

twenty per cent. on the protest of a foreign bill of exchange rests with us on immemorial commercial usage, sanctioned by a long course of judicial decisions." The two per cent., for difference in exchange, was not allowed.

And the court, in 8 Pick., say: "We subscribe to this doctrine and are satisfied, when the suit is brought in this commonwealth, by a foreign creditor, who sues here on the trustee process, the judgment can only be for the amount due at the par value of lawful money for sterling."

In the case of Scofield v. Day, 20 Johns. 102, which was an action of assumpsit on a promissory note made by defendants at Montreal, in Lower Canada, payable to the plaintiffs, who resided in England, or to their order, with interest, until paid in England; the court say, "the plaintiffs are entitled to English interest, and not to the rate of interest in Lower Canada. And the interest is to be calculated up to the time of the judgment, not to the time when the money might, in the ordinary course of business, be remitted to England. The plaintiffs are not entitled to any allowance on account of the difference of exchange with England."

In the case of U. S. v. Barker [Case No. 14,-517], the court decided that the holder of a bill is entitled to recover at the rate of exchange, at the time notice of the protest is given; and that such was the settled law in New York. And in the case of Cropper v. Nelson [Id. 3,417], the court held, where the money stated in the bill is sterling money, the jury are to settle the amount according to the rate of exchange at the time of the trial.

From these authorities, the law would seem to be settled that on a foreign bill of exchange, under the commercial usage that obtains, the rate of exchange may be recovered. At all events, that the rate of exchange is not recoverable on a note of hand where the declaration lays the venue in the state where the suit was brought, and there is no count nor allegation to cover the difference of exchange.

This is a matter which depends upon authority founded on commercial usage. And under the circumstances of this case we think the plaintiff is not entitled to the two per cent. claimed, admitted to be the difference of exchange between this state and New York.